UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF LOUISIANA

UNITED STATES OF AMERICA                    CRIMINAL ACTION

VERSUS

IMEH U. EBERE                               NO.: 3:12-cr-00162-BAJ-SCR
SHEILA R. HIVES

RULING AND ORDER

Before the Court are Defendants' various **MOTIONS TO SEVER (Doc. 19 (Imeh Ebere's Motion to Sever); Doc. 20 (Sheila Hives's Motion to Sever); Doc. 25 (Sheila Hives's Supplemental Motion to Sever)),** requesting that the Court sever the Government's case against Defendant Ebere from its case against Defendant Hives pursuant to Fed. R. Crim. P. 14. The Government opposes Defendants' requests. (Doc. 23; Doc. 26). For reasons explained below, Defendants' Motions will be DENIED.

I.  BACKGROUND

On September 26, 2012, a grand jury returned an indictment charging Imeh U. Ebere ("Ebere") and Sheila R. Hives ("Hives") with conspiracy to commit health care fraud, in violation of 18 U.S.C. §§ 1347 and 1349 (Count 1); and various substantive counts of health care fraud, in violation of § 1347 (Counts 2–10). (Doc. 1 at pp. 5–11). In substance, the indictment charges that Ebere—the owner and manager of Golden Medical Supply and Equipment—and Hives—Ebere's employee—worked together to create false documentation for medically

unnecessary services and/or services that were never provided, which Ebere and/or Hives then billed to Medicare. (*See* Doc. 1 at ¶¶ 20–24).

On November 14, 2012, Ebere and Hives were each arraigned before the Magistrate Judge, and separately entered pleas of not guilty. (Doc. 7). The Magistrate Judge set a trial for the co-Defendants for January 17, 2013, and thereafter released each Defendant on her own recognizance, with conditions. (Doc. 7 at p. 1). Later, on November 26, the Magistrate Judge entered a scheduling order establishing discovery deadlines and a deadline for substantive motions. (Doc. 8 at p. 1). This scheduling order also reaffirmed the January 17 trial date. (*Id.*).

The next day, November 27, Hives filed a motion "requesting that this case be declared complex for purposes of the Speedy Trial Act, 18 U.S.C. § 3161," due to "the facts of the case, the voluminous discovery that has and will be produced, and the nature of the prosecution." (Doc. 9 at ¶¶ 1–3). In particular, Hives noted that the Government had already produced "over 7,000 pages of documentation," and indicated that more would follow. (*Id.* at ¶ 2). Hives further stated that neither Ebere nor the Government opposed her motion. (*Id.* at ¶ 5). On November 30, the Court granted Hives's motion, certified the case as "complex" pursuant to 18 U.S.C. § 3161(h)(7)(B)(ii), and suspended all deadlines set by the November 26 scheduling order. (Doc. 10 at p. 1).

On March 5, 2013, Ebere filed her Motion to Sever, stating that her defense was "directly contradictory" to Hives's, and arguing that she "[will] be denied [her]

2

right to a fair trial under the Due Process Clause of the Fourteenth Amendment" if she is tried alongside Hives. (Doc. 19-1 at pp. 2–3). Hives followed with her Motion to Sever on March 6, likewise arguing that her defense was "directly contradictory" to Ebere's. (Doc. 20-2 at p. 2). Thereafter, the Government filed an opposition memorandum pointing out, among other things, that "mutually antagonistic defenses are not *per se* grounds for a severance," and arguing that Defendants' motions failed to establish "why jury instructions would not be sufficient" to cure any prejudice caused by trying Defendants' cases in one proceeding. (Doc. 23 at pp. 2, 5).

The Court held an evidentiary hearing and heard argument on Defendants' motions on April 11, 2013. (Doc. 24). At the conclusion of the hearing, the Court set a schedule for post-hearing briefs. (*Id.*). Then, on April 22, Hives filed her Supplemental Motion to Sever, asserting a new basis for severance. (Doc. 25). Specifically, Hives argued that "she [would] be prejudiced by the failure to sever due to her inability to call as a witness [Akpan Ebere, Imeh Ebere's] husband," who could effectively "refuse to testify [by invoking] the spousal privilege." (*Id.* at p. 1; *see also* Doc. 25-4 at pp. 1–4). Hives further requested "an additional hearing" to present evidence regarding the spousal privilege issue. (Doc. 25-4 at p. 4).

The government updated its opposition to Hives's Motion, (Doc. 26), and the Court set a hearing for August 14, 2013, (Doc. 28). At Hives's request, the Court

3

continued the hearing until September 19. (Doc. 29; Doc. 30). For reasons to follow, Defendants' Motions will be DENIED.

## II. DISCUSSION

The Federal Rules of Criminal Procedure provide that a single indictment "may charge 2 or more defendants if they are alleged to have participated in the same act or transaction, or in the same series of acts or transactions." Fed. R. Crim. P. 8(b). "Generally, defendants charged in a single indictment should be tried together." *United States v. Ellender*, 947 F.2d 748, 754 (5th Cir. 1991). The U.S. Fifth Circuit Court of Appeals has indicated that joint trials are particularly appropriate when conspiracy is one of the charges. *See United States v. Rodriguez*, 553 F.3d 380, 394 (5th Cir. 2008).

Despite this Circuit's stated preference for joint trials in conspiracy cases, severance of joined defendants is appropriate "where joinder 'appears to prejudice a defendant or the government.'" *Id.* (quoting Fed. R. Crim. P. 14(a)). "Prejudice, in this case, means a serious risk that joint trials would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence." *Id.* (quotation marks omitted). A defendant bears a "heavy burden" to show prejudice sufficient to warrant severance. *United States v. Mitchell*, 31 F.3d 271, 276 (5th Cir. 1994). To meet this burden, the "defendant must show that he [would suffer] specific and compelling prejudice against which the district court could not provide adequate protection, and that this prejudice

4

[would result] in an unfair trial." *See id.* (quotation marks omitted). Further, even where "the risk of prejudice is high . . . less drastic measures, such as limiting instructions, often will suffice to cure any risk of prejudice." *Zafiro v. United States*, 506 U.S. 534, 539 (1993) (citation omitted). Finally, when deciding whether severance is appropriate, "the trial judge must balance the prejudice to the defendant against the interests of judicial economy." *United States v. Ballis*, 28 F.3d 1399, 1408 (5th Cir. 1994).

Here, Ebere and Hives each assert that they will "be denied the right to a fair trial under the Due Process Clause of the Fourteenth Amendment"—and, therefore, will be "unduly prejudiced"—if they are tried jointly because their defenses are "directly contradictory." (Doc. 19-1 at p.2–3; *see also* Doc. 20-2 at p. 2)). Additionally, Hives asserts that her Sixth Amendment right to compulsory process will be prejudiced "due to her inability to call as a witness [Ebere's] husband," who may "refuse to testify based on his invocation of the spousal privilege." (Doc. 25 at p. 1).

The Court is not persuaded by either of Defendants' arguments. First, although the Due Process Clause undoubtedly "safeguards . . . the fundamental elements of fairness in a criminal trial," *Rivera v. Illinois*, 556 U.S. 148, 158 (2009), neither Defendant has carried the "heavy burden" of showing that she would suffer "compelling prejudice against which the district court could not provide adequate protection" if these cases proceed in tandem, *Mitchell*, 31 F.3d at 276. On one hand,

5

Ebere states that "[Hives] had a personal, if not familial relationship with all of the beneficiaries that are the subject of the indictment and that this relationship is the nexus between the company and the fraudulent claims made to Medicare." (Doc. 19-1 at p. 2–3). On the other hand, Hives states that "[Ebere], who is the owner of the company and the only one who benefitted from the illegal activities alleged in the indictment, is the guilty party." (Doc. 20-2 at p. 2). However, simply because these defenses are somewhat at odds with each other is not sufficient to warrant severance. Instead, "[c]o-defendants are entitled to severance when they demonstrate *antagonistic* defenses." *United States v. Rocha*, 916 F.2d 219, 231 (5th Cir. 1990) (emphasis added). "The test for antagonistic defenses requires that the defenses be *irreconcilable* or *mutually exclusive*: the jury, in order to believe one defendant's defense, must *necessarily* disbelieve the antagonistic defense of another defendant. In other words, the core of one defendant's defense must be contradicted by a co-defendant's defense." *Id.* (emphasis added) (citation omitted).

Here, Defendants have not shown that their defenses are mutually exclusive such that a jury would be required to find that one is guilty if the other is acquitted. Rather, the core of each Defendant's defense appears to be that her own innocence can be established by demonstrating that she lacked sufficient knowledge or intent to violate the law. The jury can believe this regardless of whether it accepts Defendants' respective assertions that the other was engaged in criminal activity. Additionally, Ebere's defense that Hives had "a personal, if not familial relationship

6

with all of the beneficiaries" of the scheme fails to demonstrate Ebere's own innocence. (Doc. 19-1 at pp. 2–3). Likewise, Hives's defense that Ebere "is the owner of the company and the only one who benefitted from the illegal activities," does not necessarily prove Hives's innocence. (Doc. 20-2 at p. 2).

Further, even if there is some risk of prejudice, that risk can be cured with instructions to the jury that: (1) it must consider the evidence separately and independently for each Defendant and each charge; (2) the Government's burden is to prove each Defendant's guilt beyond a reasonable doubt; (3) no inferences may be drawn from either Defendant's exercise of the right to silence; and (4) statements by the lawyers, including opening and closing arguments, are not evidence. *United States v. Daniels*, 281 F.3d 168, 178 (5th Cir. 2002).

The Court will also deny Hives's Motion insofar as it invokes the Sixth Amendment's guarantee of compulsory process as the "specific trial right" compromised in the event of joint trials. *Rodriguez,* 553 F.3d at 394. In short, Hives's argument fails because it is based on a misinterpretation of the scope of the marital privilege. "The marital privilege encompasses two distinct privileges," only one of which is at issue here: specifically, "a married witness [may] refuse to testify adversely against his or her spouse." *United States v. Miller*, 588 F.3d 897, 904 (5th Cir. 2009).[1] However, as with other "[t]estimonial exclusionary rules and privileges"—which "contravene the fundamental principle that the public has a

---

[1] Hives's claim does not implicate the other "marital privilege," which "bars one spouse from testifying as to the confidential marital communications between the spouses." *Miller*, 588 F.3d at 904.

7

right to every man's evidence"—the marital privilege must be "strictly construed." *Trammel v. United States*, 445 U.S. 40, 50 (1980) (quotation marks and alterations omitted). In other words, "[t]he privilege is not a general one. It must be asserted as to particular questions." *In re Martenson*, 779 F.2d 461, 463 (8th Cir. 1985). Further, "[t]he privilege is not available unless the anticipated testimony would in fact be adverse to the nonwitness spouse." *Id.*

Here, Hives has failed to carry her burden of showing that her right to compulsory process would be prejudiced if she is tried jointly with Ebere because, contrary to her assertion, Akpan Ebere may *not* refuse to testify simply by virtue of "the fact that his wife is the co-defendant in the trial." (Doc. 25-2 at p. 1). Instead, Mr. Ebere may decline to answer *only* those "particular questions" which may elicit "testimony [that] would in fact be adverse to [Mrs. Ebere]." *In re Martenson*, 779 F.2d at 463. Based on Hives's proffer in her Supplemental Motion to Sever, it does not appear that the scope of her questioning of Mr. Ebere would cross the line into areas that "would in fact be adverse" to Mrs. Ebere. *Id.* (*See* Doc. 25-2 at p. 1 (indicating that Hives intends to call Mr. Ebere to "testify about [Hives's] duties as employee, her qualifications and her activities on behalf of [Golden Medical Supply]")). Further, insofar as Mr. Ebere's testimony may implicate his *own* role in the alleged wrongdoing at Golden Medical Supply, the Court is not at all satisfied that Mr. Ebere will not invoke his Fifth Amendment privilege against self-incrimination in *any* proceeding, thereby rendering moot Hives's concerns about his

invocation of the marital privilege if she is tried jointly with Mrs. Ebere. *Cf. In re Grand Jury Proceedings*, 664 F.2d 423, 429 (5th Cir. 1981) ("While the privilege against self-incrimination, guaranteed by the Constitution in the Bill of Rights, is virtually an absolute, the spousal privilege clearly is not . . . .").

In sum, because Defendants' respective defenses are not so "irreconcilable or mutually exclusive" that prejudice cannot be cured by proper instructions, *Rocha*, 916 F.2d at 231; because Defendants have not otherwise shown "compelling prejudice" to a particular trial right, *Mitchell*, 31 F.3d at 276; and because "the interests of judicial economy" weigh heavily in favor of joint trials in this conspiracy case, *Ballis*, 28 F.3d at 1408, the Court will deny Defendants' Motions to Sever.

### III. CONCLUSION

Accordingly, **IT IS ORDERED** that Defendants' **MOTIONS TO SEVER (Doc. 19; Doc. 20),** and Defendant Hives's **SUPPLEMENTAL MOTION TO SEVER (Doc. 25)** are each **DENIED.**

Baton Rouge, Louisiana, this 13th day of February, 2014.

*[Signature]*

**BRIAN A. JACKSON, CHIEF JUDGE**
**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF LOUISIANA**