# UNITED STATES DISTRICT COURT

# MIDDLE DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | |
| | : | |
| *versus* | : | CRIMINAL NO. 12-162-BAJ-SCR |
| | : | |
| SHEILA R. HIVES | : | |

## PLEA AGREEMENT

1.

The Office of the United States Attorney for the Middle District of Louisiana, by and through the undersigned counsel, and the above-named defendant, SHEILA R. HIVES (hereinafter referred to as the "defendant"), agree that the defendant will plead guilty to a Bill of Information charging the defendant with receiving health care kickbacks, in violation of Title 42, United States Code, Section 1320a-7b(b)(1)(A), and agrees to admit to the forfeiture allegations contained in the Bill of Information.

2.

The Office of the United States Attorney and the defendant agree that, if the Court accepts the guilty plea, the Office of the United States Attorney will move to dismiss the charges contained in the Indictment in Criminal No. 12-162-BAJ-SCR as to this defendant at the time of sentencing, and no additional charges related to the violations contained in the Bill of Information or the Indictment will be brought against the defendant in this district.

3.

The defendant agrees to provide complete and truthful information to any law enforcement agent or attorney of the United States and at any grand jury proceeding or trial. The defendant waives her Fifth Amendment privilege against self-incrimination. This Plea Agreement, however, is not conditioned upon any obligation of the United States to receive, or act upon, information which the defendant may now or in the future provide or stand ready to provide.

4.

The Office of the United States Attorney agrees to inform the Court of the defendant's actions pursuant to this Plea Agreement, prior to the defendant's sentencing date. The Office of the United States Attorney, however, is not obliged, as a condition of this Plea Agreement, to file any motion with the Court, either for a downward departure under Section 5K1.1 of the United States Sentencing Guidelines, or to reduce the defendant's sentence under Rule 35 of the Federal Rules of Criminal Procedure. If a motion is filed, the Court, in its discretion, may or may not reduce the sentence below the guidelines range otherwise applicable.

5.

Except as otherwise provided herein, no truthful testimony or other information provided by the defendant pursuant to this Plea Agreement, or any information derived therefrom, will be used against the defendant in any criminal trial, unless the defendant breaches this Plea Agreement by failing to plead guilty as agreed, providing false information, failing to provide full and complete cooperation, or violating the terms of this Plea Agreement in any other manner. In the event of such a breach, any information provided by the

2

defendant, and any information derived therefrom, may be used against the defendant in this or any other prosecution.  Such information includes, but is not limited to, the Plea Agreement itself, the factual basis offered to support the defendant's guilty plea, the defendant's admission to the factual basis, and any other information provided by the defendant.  In addition, in the event of such a breach, the defendant may be prosecuted for any offense covered by this Plea Agreement.

6.

The defendant agrees to fully and truthfully complete the financial statement provided to her by the Office of the United States Attorney and to return the financial statement to the undersigned attorney for the United States within ten (10) days of this agreement being filed with the Court.  Further, upon request, she agrees to provide the Office of the United States Attorney with any information or documentation in her possession regarding her financial affairs and agrees to submit to a debtor's examination when requested.  The defendant agrees to provide this information whenever requested until such time as any judgment or claim against her, including principal, interest, and penalties is discharged or satisfied in full.  This information will be utilized to evaluate her capacity to pay the government's claim or judgment against her, whatever that claim or judgment may be.

7.

The defendant also agrees to assist the Office of the United States Attorney in all proceedings, whether administrative or judicial, involving the forfeiture to the United States of all rights, title, and interest, regardless of their nature or form, in the assets that the defendant has agreed to forfeit, and any other assets, including real and personal property,

3

cash and other monetary instruments, wherever located, which the defendant or others to her knowledge have accumulated as a result of illegal activities. Such assistance will involve an agreement on the defendant's part to the entry of an order enjoining the transfer or encumbrance of assets which may be identified as being subject to forfeiture, including but not limited to those specific real and personal properties set forth in the forfeiture allegations of the Bill of Information. Additionally, the defendant agrees to identify as being subject to forfeiture all such assets, and to assist in the transfer of such property to the United States by delivery to the Office of the United States Attorney, upon request, all necessary and appropriate documentation with respect to said assets, including consents to forfeiture, quit claim deeds and any and all other documents necessary to deliver good and marketable title to said property. To the extent the assets are no longer within the possession and control or name of the defendant, the defendant agrees that the United States may seek substitute assets within the meaning of 21 U.S.C. § 853.

8.

The defendant hereby expressly waives the right to appeal her conviction and sentence, including any appeal right conferred by Title 18, United States Code, Section 3742, and to challenge the conviction and sentence in any post-conviction proceeding, including a proceeding under Title 28, United States Code, Section 2255, and any modification of sentence pursuant to Title 18, United States Code, Section 3582(c)(2). The defendant, however, reserves the right to appeal the following: (a) any punishment imposed in excess of the statutory maximum; (b) any punishment that is an upward departure pursuant to the guidelines; and (c) any punishment that is above the guidelines range calculated by the Court.

4

Nothing in this paragraph shall act as a bar to the defendant perfecting any legal remedies she may otherwise have on appeal or collateral attack respecting claims of ineffective assistance of counsel.

9.

The defendant understands that, as a result of this Plea Agreement, she could receive a maximum sentence of not more than five (5) years imprisonment.  In addition to a term of imprisonment, the defendant may be fined up to $250,000 or twice the gross gain or gross loss resulting from the offense.  The Court must also order restitution in accordance with law.  In addition, the Court must impose a special assessment of $100, which the defendant agrees to pay at the time of sentencing.  The defendant understands that, if the Court imposes a term of imprisonment, she may also receive a term of supervised release after imprisonment of not more than three (3) years.  Supervised release is imposed in addition to a sentence of imprisonment, and a violation of the conditions of supervised release can subject the defendant to imprisonment for a term of two (2) years, without credit for any time already served on the term of supervised release.  The defendant understands that the Court, while not bound to apply the Sentencing Guidelines, must consult the guidelines and take them into account when sentencing.

10.

The United States and the defendant further agree that if the defendant's offense level prior to the operation of Section 3E1.1(a) of the United States Sentencing Guidelines is sixteen (16) or greater, and if the defendant complies with the provisions of Section 3E1.1(b) and all terms of this Plea Agreement, including but not limited to the timely submission of the

5

financial statement referenced in paragraph 6, the United States will move, pursuant to Section 3E1.1(b), to decrease the defendant's offense level by one additional level.

11.

The parties reserve their respective rights to make arguments to the United States Probation Office, and to the Court at a sentencing hearing, regarding any sentencing-related adjustments pursuant to the United States Sentencing Guidelines.

12.

The defendant and the Office of the United States Attorney agree, pursuant to Title 18, United States Code, Section 3663(a)(3), that the Court will order full restitution for the defendant's conduct, in an amount to be determined by the Court. The parties specifically agree that the Court shall not be limited to the count of conviction in determining and ordering full restitution.

13.

Pursuant to Rule 11(c)(3)(A) and 11(c)(5), Federal Rules of Criminal Procedure, the Court may accept or reject this Plea Agreement or may defer its decision as to the acceptance or rejection until there has been an opportunity to consider the Presentence Report. If the Court rejects the Plea Agreement, the Court, on the record, will so inform the defendant and advise the defendant that the Court is not bound by the Plea Agreement. The Court will give the defendant an opportunity to withdraw the plea and will advise the defendant that, if the plea is not withdrawn, the disposition of the case may be less favorable to the defendant than contemplated by the Plea Agreement.

6

14.

The defendant understands and acknowledges that as a result of this guilty plea, the defendant will be excluded from Medicare, Medicaid, and all Federal health care programs. The defendant agrees to complete all necessary documents provided by any department or agency of the federal government, including, but not limited to, the United States Department of Health and Human Services, to effectuate this exclusion within 60 days of receiving the documents. This exclusion will not affect the defendant's right to apply for and receive benefits as a beneficiary under any Federal health care program, including Medicare and Medicaid. The defendant understands that this Plea Agreement, including this paragraph, is not intended to affect or control any actions, including any exclusions or disciplinary actions, taken by other agencies, state or federal.

15.

The defendant acknowledges that there is no agreement with the United States as to the actual sentence that will be imposed by the Court as a result of this Plea Agreement and acknowledges that no promises or assurances have been made to her as to what the sentence will be. The defendant acknowledges that the terms herein constitute the entire agreement and that no other promises or inducements have been made. The defendant acknowledges that she has not been threatened, intimidated, or coerced in any manner.

7

16.

The defendant acknowledges that this Plea Agreement has been entered into

knowingly, voluntarily, and with the advice of counsel, and that she fully understands the

agreement.  The defendant has no objection to the legal representation she has received.

This Plea Agreement is entered into this _____27_____ day of _____June_____, 2014, in

Baton Rouge, Louisiana.

UNITED STATES OF AMERICA, by

_____
SHEILA R. HIVES
DEFENDANT

_____
J. WALTER GREEN, LBN 27812
UNITED STATES ATTORNEY

_____
MARK UPTON, LBN 12984
ATTORNEY FOR DEFENDANT
707 Florida St., Suite 303
Baton Rouge, Louisiana 70801
Telephone: (225) 382-2118

_____
SHUBHRA SHIVPURI
Assistant United States Attorney
Middle District of Louisiana
Telephone: (225) 389-0443